UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AVMI, L.L.C., AND ANNE CANNON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION NO.: <br><br> JUDGE: |
| VERSUS | MAGISTRATE |
| METAIRIE TOWERS CONDOMINIUM ASSOCIATION, INC., METAIRIE TOWERS BOARD OF DIRECTORS, RON CARTER, BETTY MILES, ELLYN MEIER, CAROLYN DIAZ, JENNIFER FAGAN, MARY KAY ZAHN, ANNE BABST, STRATEGIC CLAIMS CONSULTANTS LLC, GNO PROPERTY MANAGEMENT LLC, BURLINGTON INSURANCE COMPANY, GREENWICH INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, INTERSTATE FIRE AND CASUALTY INSURANCE COMPANY, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, GHI INSURANCE COMPANY | |

**FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Federal Insurance Company removes to this Court the state court class action described below. The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) for the following reasons: (a) there are more than 100 members in the putative class, (b) at least one plaintiff is diverse from at least one defendant so there is minimal diversity of citizenship, and (c) the amount in controversy exceeds $5,000,000. Because CAFA applies, the entire action is removable. *Watson v. City of Allen*, 821 F.3d 634, 638 (5th Cir. 2016).

1

#1890385v2

**BACKGROUND**

1. On May 2, 2023, Federal was served with Plaintiffs' Class Action Petition for Damages filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *AVMI, L.L.C., and Anne Cannon, individually, and on behalf of all others similarly situated v. Metairie Towers Condominium Association, Inc., Metairie Towers Board of Directors, through its individual members, Ron Carter, Betty Miles, Ellyn Meier, Carolyn Diaz, Jennifer Fagan, Mary Kay Zahn, & Anne Babst, Strategic Claims Consultants, LLC, GNO Property Management, L.L.C., Burlington Insurance Company, Greenwich Insurance Company, Federal Insurance Company, Interstate Fire & Casualty Insurance Company, ABC Insurance Company, DEF Insurance Company, and GHI Insurance Company*, No. 839-979.

2. The named plaintiffs are:

   (a) AVMI, L.L.C., a Mississippi limited liability company with its principal place of business in Mississippi. *See* Petition; and

   (b) Anne Cannon, a citizen of Louisiana.

3. Plaintiff Anne Cannon appears individually and "on behalf of all others similarly situated" residents of Metairie Towers, which is a 219-unit condominium in Metairie, Louisiana.

4. The defendants are:

   (a) Metairie Towers Condominium Association, Inc. Petition ¶ IV(1). Citizenship is not alleged;

   (b) Metairie Towers Board of Directors through its individual members, Ron Carter, Betty Miles, Ellyn Meier, Carolyn Diaz, Jennifer Fagan, Mary Kay Zahn, and Anne Babst, all of whom are citizens of Louisiana. Petition ¶ IV(2).

   (c) Burlington Insurance Company. Petition ¶ IV(3). Citizenship is not alleged.

   (d) Greenwich Insurance Company. Petition ¶ IV(4). Citizenship is not alleged.

  (e)  Federal Insurance Company. Petition ¶ IV(5). Citizenship is not alleged, but Federal is an Indiana corporation with its principal place of business in New Jersey.

  (f)  Interstate Fire & Casualty Insurance Company. Petition ¶ IV(6). Citizenship is not alleged.

  (g)  Strategic Claims Consultants, LLC, it's principal place of business located in Georgia. Petition ¶ IV(7).

  (h)  GNO Property Management, L.L.C; a Louisiana LLC with its principal place of business in Louisiana. Petition ¶ IV(8).

  (i)  ABC Insurance Company. Petition ¶ IV(9). Citizenship is not alleged.

  (j)  DEF Insurance Company. Petition ¶ IV(10). Citizenship is not alleged.

  (k)  GHI Insurance Company. Petition ¶ IV(11). Citizenship is not alleged.

5. Plaintiffs allege that on or about August 29, 2021, Hurricane Ida caused "substantial damage to Metairie Towers." Petition ¶ 4. After Hurricane Ida, Plaintiffs allege that "[t]he Condo Association and/or the Board made insurance claims for the property damage and undertook the management of the insurance proceeds as well as repairs, restoration, and remediation on behalf of the Owners." Petition ¶ VII.

6. Plaintiffs allege that Metairie Towers Condominium Association's Articles of Incorporation required it to "appoint a Trustee for the benefit of unit owners" so that, in the event a rebuild was required following a natural disaster such as Hurricane Ida, "insurance proceeds were to be paid out by the insurance trustee as the reconstruction and repairs progressed in accordance with an insurance trust agreement." Petition ¶ XII.

7. Plaintiffs allege that "[i]nstead of appointing an Insurance Trustee, Metairie Towers Condominium Association, Inc. or the Board" appointed a "Tripartite Management Team," sans authority of the unit owners, to "(1) review contractor invoices; (2) . . . submit the invoices and

contractor documents to the insurer; (3) . . . receive funds owed pursuant to the insurance policy; and (4) . . . distribute the funds to the contractor(s)." Petition ¶ XIII.

8. Plaintiffs allege that on April 4, 2023, they were informed "there would not be enough [insurance] proceeds to complete restoration or repair and [that] it was expected that the [o]wners would be accessed [sic] $50,000 to $60,000 per unit to complete the repairs/restoration." Petition ¶ XV.

9. Plaintiffs allege that nearly $20 million of "insurance proceeds were spent and Metairie Towers and all of its 219 units are still completely uninhabitable and gutted." Petition ¶ XVI.

10. Plaintiffs allege that, contrary to Paragraph X(1) of the Articles of Incorporation, "[t]he property was significantly underinsured and the required appraisal to determine the insurable replacement basis was never obtained on an annual basis." Petition ¶XVII.

11. Plaintiffs allege that the class numbers "over one hundred and fifty [o]wners and entities scattered throughout the country." Petition ¶ XXXII(3).

12. Plaintiffs claim "the Class has sustained damages . . . based on (1) negligence; (2) negligence per se – violations of the law and their own rules and regulations; (3) detrimental reliance; and (4) breach of fiduciary duty." Petition ¶ XVIII.

13. Plaintiff's allege that the class has suffered the following damages: (1) "[l]oss of use of the premises and their units;" (2) "[d]iminution in value;" (3) "[c]ondominium fees;" (4) "[d]amage to contents, personal property, and movables;" (5) "[m]iscellaneous and additional expenses incurred, including moving expenses, storage expenses;" (6) [m]ental anguish, severe and substantial mental anguish associated with the destruction of their units;" and (7) "[l]oss of substantial insurance proceeds, which were collected and mismanaged." Petition ¶ XXXI.

14. Plaintiffs' petition is removable to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, for the following reasons. First, this is a putative class action with more than 100 putative class members. Second, said class members are seeking to recover more than $5,000,000. Finally, there is minimal diversity.

## THIS REMOVAL IS TIMELY

15. This removal is timely under 28 U.S.C. § 1446(b)(3) because it is removed within 30 days of Federal's May 2, 2023, receipt of the Class Action Petition for Damages. The Petition alleged a class of over 150 class members and alleged at least $9 million, and potentially over $20 million in monetary damages on behalf of the class.

## THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA

16. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction for a putative class containing at least 100 members; where any member of the putative class is a citizen of a state different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

17. This suit satisfies all the requirements under CAFA for federal jurisdiction. Based on the allegations in the plaintiffs' Petition: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from some defendants; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

**I.      The Putative Class Size Exceeds 100.**

18.     CAFA requires that the class consist of at least 100 persons.  28 U.S.C. § 1332(d)(5).  Here, plaintiffs have specifically alleged the class numbers "over one hundred and fifty [o]wners and entities scattered throughout the country." Petition ¶ XXXII(3).

**II.     There Is Minimal Diversity Here Because At Least One Putative Class Member Is a Citizen Of Louisiana.**

19.     The second CAFA requirement is minimal diversity—at least one putative class member must be a citizen of a different state than at least one defendant.  28 U.S.C. § 1332(d)(2).

20.     Here, the class representative Anne Cannon, is a citizen of the State of Louisiana. Petition ¶ Introduction.  As such, at least one putative class member is a citizen of Louisiana.

21.     Federal is incorporated in Indiana with its principal place of business in New Jersey. Accordingly, Federal is a citizen of Indiana and New Jersey for diversity purposes pursuant to 28 U.S.C. § 1332(d)(10).  Thus, a member of the plaintiff class is geographically diverse from a defendant as required for jurisdiction under CAFA.

22.     Minimal diversity exists here and this prerequisite of CAFA is met.  28 U.S.C. § 1332(d)(2).

**III.    The amount in Controversy Exceeds $5,000,000.**

23.     CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Here, based on plaintiffs' allegations and theories (which defendants dispute, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is easily satisfied.

24.     Plaintiffs alleged that defendants "mismanaged" "insurance proceeds" of approximately $20 million. Petition ¶¶ XVI, XIX.

25. Plaintiffs further allege that each of the at least 150 members of the putative class incurred as much as $60,000 in fees to complete repairs and restorations on their units. Petition ¶¶ XXXII(3), XV. $60,000 in damages for 150 putative class members totals $9 million.

26. CAFA requires that all putative class members' claims be aggregated. 28 U.S.C. § 1332 (d)(6).

27. Accordingly, CAFA's requirements are satisfied, and federal jurisdiction exists.

## IV. Venue and Procedural Requirements are Met.

28. The 24th Judicial District Court, Parish of Jefferson, State of Louisiana is located within the United States District Court for the Eastern District of Louisiana. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

29. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the citation and petition, as well other process, pleadings, motions, and orders served on defendants in the state court action or otherwise available from the state court's file are attached.

30. Joinder of all defendants to this removal is not required pursuant to 28 U.S.C. § 1453(b).

31. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana and promptly served on plaintiffs.

**WHEREFORE**, Defendant Federal Insurance Company respectfully request that this Court assume full jurisdiction over this action.

7

Respectfully submitted,

*/s/Robert A. Waldrup*
John W. Joyce, 27525
Laurence D. LeSueur, 35206
Robert A. Waldrup, 37345
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Counsel for Federal Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing has been served on all counsel of record by email this 1st day of June, 2023.

*/s/Robert A. Waldrup*

*1890385v2*